# UNITED STATES DISTRICT COURT
# OF MASSACHUSETTS (BOSTON)

Case# _____

EMMANUEL EVARISTE
V.
US DEPARTMENT OF HOMELAND SECURITY
and
Officer VELEZ

## COMPLAINT

Here comes the plaintiff with a complaint against the Department of Homeland Security and officer Velez for failure to protect, Intentional infliction of emotional distress and gross negligence. On December 21st, 2018, the plaintiff was taken into US Immigration and Custom Enforcement (ICE) custody for violation of section 236 and 287 of the Immigration and Nationality Act for an August 9th, 2017 for a charge of distribution of class B. ICE is under the same entity as Department of Homeland Security. On December 21st, 2018 the plaintiff Evariste was in the custody of ICE and was transported to different locations to be processed. It was a very cold and rainy day yet the plaintiff was not provided with a jacket. The plaintiff contracted pneumonia. On March 27th, 2019 while in ICE custody, the plaintiff became the victim of a PREA incident which the defendant the Department of Homeland Security is held liable for. On March 7th, 2019 while in ICE custody and being transported to Immigration court, an inmate with a prior PREA incident inside the same facility as the plaintiff demanded to perform oral sex on the plaintiff. The plaintiff quickly notified the correctional officer on duty. The inmate was reprimanded and taken to segregation. On March 27th, 2019 correction officer Velez purposedly placed the same inmate in the plaintiff's cell. The plaintiff quickly notified the guard on duty and the inmate was taken to segregation again. However, the plaintiff received a disciplinary report stating he used explicit and threatning language toward the correctional officer on duty for the incident. The officer Velez purposedly placed the PREA inmate in the plaintiff's cell. The officer Velez was emotionally attached to a nurse name Natalia Rodriguez who aslo works at Bristol County Sheriff's Office. The nurse was very friendly with the plaintiff Evariste and that angered officer Velez. Officer Velez even confronted the plaintiff about the nurse. This is the cause of Officer Velez targeting the plaintiff Evariste. So on March 27th, officer Velez placed the PREA inmate in the plaintiff's cell to retaliate against the plaintiff for in response to the ongoing feud. The defendant The Department of Homeland Security is held liable for the torts committed against the plaintiff pursuant to **28 USCS § 1915A**.

Liability for intentional or reckless infliction of emotional distress has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### 1)Eighth Amendment-Endangerment/Failure to Protect '"

[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety.'" Giroux v. Somerset Cty., 178 F.3d 28, 32 (1st Cir. 1999) (citations omitted). An Eighth Amendment claim challenging the conditions of a prisoner's confinement has an objective and subjective component. Wilson v. Seiter, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991). To satisfy the objective component of a prison conditions claim, the deprivations alleged must be "extreme." Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992). The subjective component of an Eighth Amendment claim requires the plaintiff to demonstrate that the prison officials acted with deliberate indifference to the plaintiff's health or safety. See Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).

### (2) Intentional infliction of emotional distress claims.

The plaintiff asserts {852 N.E.2d 1103} that it was error to dismiss his claims against the probation officers for intentional or reckless infliction of emotional distress. 8 With respect to intentional torts, including intentional

infliction of mental distress, claims against the public employer are barred, see G.L. c. 258, § 10 (c), but may be asserted against the public employee in his individual capacity. By contrast, where only ordinary negligence is alleged, claims may not be asserted against the public employee, but may be brought against the public employer. See G.L. c. 258, § 2. For purposes of G.L. c. 258, recklessness is considered negligent, rather than intentional, conduct. See Forbush v. Lynn, 35 Mass. App. Ct. 696, 699, 625 N.E.2d 1370 (1994); Jackson v. Milton, 41 Mass. App. Ct. 908, 908-909, 669 N.E.2d 225 (1996). Accordingly, to the extent that the plaintiff alleges reckless behavior on the part of the probation officers, the claim is barred by the statute and dismissal was appropriate.

**(3) To prevail on a claim of intentional infliction of emotional distress**, a plaintiff must show
(A) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct . . .;
(B) that the conduct was 'extreme and outrageous,' was 'beyond{67 Mass. App. Ct. 181} all possible bounds of decency[,]' and was 'utterly intolerable in a civilized community' . . .;
(C) that the actions of the defendant were the cause of the plaintiff's distress . . .; and

**(4) General Laws c. 258, § 10, inserted by St. 1978, c. 512, § 15**, provides in relevant part: "The provisions of sections one to eight, inclusive [permitting certain claims against public employers for negligence on the part of public employees], shall not apply to: . . . (b) any claim based on the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a public employer or public employee, acting within the scope of his office or employment, whether or not the discretion involved is abused."

**(5) liability under 42 U.S.C.S. § 1983**, a plaintiff must demonstrate that the defendant, acting under color of state law, violated his or her federal constitutional rights, thereby causing the complained of injury. There are two aspects to the second inquiry:
(A) there must have been a deprivation of federally protected rights, privileges or immunities, and
(B) the conduct complained of must have been causally connected to the deprivation.
This second element of causal connection in turn requires that the plaintiff show:
(A) it was the defendant's own actions that deprived the plaintiff of the protected right; and
(B) that the conduct was intentional, grossly negligent, or amounted to a reckless or callous indifference. Furthermore, the plaintiff must also show that each individual defendant was involved personally in the deprivation of constitutional rights because no respondent superior liability exists under § 1983.

The plaintiff Evariste has provide in his exhibit a copy of the disciplinary report which detail the incident of PREA between the inmate and the plaintiff. This report also detailed the course of action which is clearly questionable and show gross negligent on the part of the prison officials. The defendant the Department of Homeland Security is held liable for the plaintiff injury caused by their failure to protect, intentional or reckless infliction of emotional distress, and gross negligence. The plaintiff seeks $10 million in total relief.

Respectfully Submitted

5-22-19