UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMMANUEL EVARISTE, | * |
| Plaintiff, | * |
| v. | * C.A. No. 19-11199-ADB |
| US DEPARTMENT OF HOMELAND SECURITY, et al., | * |
| Defendants. | * |

MEMORANDUM AND ORDER

BURROUGHS, D.J.

On May 28, 2019, *pro se* plaintiff Emmanuel Evariste, an immigration detainee in custody at the Bristol County House of Correction, initiated this action by filing a civil rights complaint naming as defendants the United States Department of Homeland Security ("DHS") and Officer Velez. *See* Complaint ("Compl."), Dkt. No. 1.

The Court's records indicate that Evariste has another action now pending against Officer Velez and the Commonwealth of Massachusetts. *See Evariste v. Bristol County Sheriff's Office, et al.*, No. 19-10671-JCB (pending). A comparison of the complaint in this action with the amended complaint in the other action reveals that both pleadings concern alleged unlawful action taken by Officer Velez on or about March 27, 2019.

Because Evariste's claims are before the Court in C.A. No. 19-10671-JCB, there is no reason for a separate action. *See O'Reilly v. Curtis Pub. Co.*, 31 F. Supp. 364, 364-65 (D. Mass. 1940) ("the pendency of a prior action, in a court of competent jurisdiction, between the same parties, predicated upon the same cause of action and growing out of the same transaction, and in which identical relief is sought, constitutes good ground for abatement of the later suit.").

"When it is possible that, through amendment, each action may contain all of the issues and parties presently contained in either action, the continuation of the first action to be filed is favored." *Holliday v. City of Newington*, 2004 WL 717160, at *1 (D. Conn. Mar. 19, 2004) (citing *Hammett v. Warner Bros. Pictures*, 176 F.2d 145, 150 (2d Cir. 1949) ).

Here, the Court finds that the two actions are sufficiently similar for purposes of the doctrine. The parties are not all literally identical, because only plaintiff and Officer Velez are parties to both actions. Nevertheless, both actions concern the actions taken by Officer Velez on March 27, 2019. The complaints arise out of the same incident, the plaintiff seeks essentially the same relief in each suit, and resolution of the two cases will involve the same evidence.

Thus, this action will be dismissed pursuant to the Court's inherent authority to control its docket. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) (a federal court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). The Court finds that it would be appropriate to have plaintiff's claims resolved in the first-filed action.

Accordingly, it is it is hereby ORDERED that

1. The complaint is dismissed pursuant to the Court's inherent power.
2. The clerk shall enter a separate order of dismissal.

**SO ORDERED.**

July 9, 2019 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE